## Jones v. Farmer, Douglas & Company.

A clerk in the employment of the plaintiffs having testified to the correctness of the account sued on, and having been shown by the defendant three receipts in his favor and signed with the plaintiffs' firm name, and having admitted that he (witness) signed them, but testifying that he did not write the body of two of them above the signature and did not know who wrote it, attempting no explanation of his signature or of defendant's possession of the receipts, and admitting that the whole of the third save the date and the amount in figures was in his handwriting, and yet testifying that he never received one cent of money from defendant on any of the receipts, a verdict for the plaintiffs for the full amount of the account was contrary to the evidence.

January 20, 1890.

Evidence. Verdict. New trial. Before Judge Boynton. Newton superior court. March term, 1889.

Reported in the decision.

E. F. Edwards and J. M. Pace, for plaintiffs in error.

L. L. Middlebrook, by brief, *contra.*

Blandford, Justice.

In this case a verdict was rendered in favor of the defendants in error against the plaintiff in error for the full amount of the account sued upon. Upon the trial, James A. Farmer, a clerk in the employ of the plaintiff's below who testified to the correctness of the account, was shown by the defendant three receipts, one

for $72, one for $583, and one for $144, in favor of the defendant and signed with the name of the firm, and this witness admitted that he had signed the firm name to all three of the receipts, but testified as to two of the receipts that he did not write the body of the receipts above the name of the firm, and did not know who did. But he made no explanation, and attempted none, as to how he came to sign the receipts, or how the receipts came into the possession of the defendant. As to the receipt for $144, he admitted that the body of the receipt, as well as the signature, was in his handwriting, except the date and the figures $144. He testified that he had never received one cent of money from Jones on any of the receipts. How the jury could have found the full amount of this account, without some explanation on the part of the plaintiffs as to how these receipts came to be signed and as to how they came into the possession or custody of the defendant, we cannot understand. Without such explanation, we think that justice and fair legal proceeding require another trial of this case. The verdict is so strongly against the evidence as to warrant the suspicion of bias or prejudice or mistake on the part of the jury. At all events, under the facts of this case, we think another trial should be had, so that the parties may clear up these matters if they are able to do so. There should be at least some effort to clear up these matters by defendants in error; it is in their power to do so, and if they should fail, the jury should infer against them, and it seems to us that a different verdict would be required. There is something wrong, grossly wrong, in this case; either perjury on the one side or perjury and forgery on the other. How this is we cannot tell; it may be developed upon another trial.                    *Judgment reversed.*