JONES v. FARMER, DOUGLAS & COMPANY.

BLECKLEY, C. J.—The evidence being irreconcilable, and this being a second verdict for the same party, and the trial judge having refused a new trial on condition that a part of the recovery be written off, and this condition being complied with, the Supreme Court will not interfere. The case, on a previous writ of error, is reported in 84 *Ga*. 296. *Judgment affirmed*.

May 27, 1891.

Evidence. Verdict. Before Judge BOYNTON. Newton superior court. October term, 1890.

The verdict in favor of the plaintiffs for the full amount of the account upon which they had sued Jones, was reversed at the October term, 1889, of the Supreme Court, upon the ground that no explanation was made on behalf of plaintiffs as to how three receipts, one for $72, one for $583 and one for $144, in favor of defendant and signed with the name of plaintiffs, came to be so signed, or how the receipts came into the possession of the defendant, etc. Upon the last trial James A. Farmer testified, as to the receipt for $144, that he wrote all of it except the figures 144 and the date, and signed the receipt with the name " Farmer, Douglas & Company, per J. A. Farmer"; that he never gave Jones the receipt for $144 and never got any money on it from him or from any one else for him; that the figures 144 looked something similar to his, witness's. As to the other two receipts he testified that he also wrote the name " Farmer, Douglas & Company" at the bottom of them, but did not write the body of either; that Jones, in sending for his bills once or twice, sent negroes back to get the bills, and would say " send bill"; that that was the way he got these receipts; that Jones wrote that and filled it over witness's signature; that the articles were put down on the bill-head paper in the body of the bill and on the bottom was the name " Farmer, Douglas & Company"; that is where he got

the bills. A receipt for $583.09, written on telegraph paper, was shown the witness, and he testified that the telegraph office was in the store-room about three months, and plaintiffs sometimes used these blanks in place of bill-heads and sent Jones some bills on this paper; that is the only way he could have gotten it; witness always put the names of Farmer, Douglas & Company to all the bills sent out and his brother did the same. It further appeared that plaintiffs' firm was composed of Douglas and the wife of James A. Farmer, James A. being a salesman of the firm; that Jones admitted that the account was correct both to Farmer and Douglas, Farmer not stating when Jones made the admission to him and Douglas stating that the admission to him was made, he thought, in September, 1887, etc.

For the defendant the evidence was positive as to the payments represented by these receipts. The receipts themselves were put in evidence and they were in the ordinary form of receipts for money, two of them signed "Farmer, Douglas & Company," and the one for $144 was signed, "Farmer, Douglas & Company, per J. A. Farmer." One of these receipts, for $583.09, was dated October 21, 1887, the one for $72.82 was dated November 14, 1887, and the one for $144 was dated December 24, 1887. It does not appear from the record in this court as to whether the receipt for $583.09 was the receipt written on telegraph paper referred to above, or not; and it does appear that Farmer had already been examined as to a receipt for $583.09 when, as stated in the record, another receipt for $583.09 written on telegraph paper was shown to him and he testified with regard to it as stated above. Only one receipt for $583.09 is sent up in the record.

The jury found for the plaintiffs the full amount sued for. Jones moved for a new trial on the grounds that the verdict is contrary to law, evidence, etc. The judge

ordered that a new trial should be granted unless plaintiffs would write off $144 with interest, which they did. Jones alleges that it was error not to grant his motion.

E. F. EDWARDS and J. M. PACE, for plaintiff in error.

L. L. MIDDLEBROOK, *contra.*